NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ROBERT E. PERDUE,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2025-1997

---

Petition for review of the Merit Systems Protection Board in No. AT-0752-25-0345-I-1.

---

Decided:  May 12, 2026

---

ROBERT E. PERDUE, Citra, FL, pro se.

ELIZABETH W. FLETCHER, Office of the General Counsel, United States Merit Systems Protection Board, Washington, DC, for respondent.  Also represented by KATHERINE MICHELLE SMITH.

---

Before LOURIE, BRYSON, and CHEN, *Circuit Judges.*

PER CURIAM.

Robert E. Perdue, a former carrier at the United States Postal Service (USPS), petitions for review of a final decision by the Merit Systems Protection Board (Board) dismissing his appeal to challenge his removal for lack of jurisdiction. *See Perdue v. United States Postal Serv.*, No. AT-0752-25-0345-I-1, 2025 WL 994325, at 1 (M.S.P.B. Mar. 24, 2025) (*Initial Decision*).[1] For the following reasons, we *dismiss* the appeal as untimely.

## BACKGROUND

The USPS appointed Mr. Perdue to a position as a preference eligible Rural Carrier on November 16, 2024. *See id.* at 2. The USPS removed him on January 8, 2025. *See id.* He sought to challenge the USPS's removal decision before the Board. *Id.* The Board dismissed his appeal, finding that under 5 U.S.C. § 7513(d), he was not an employee with Board appeal rights "because he has not completed one year of current continuous service in the same or similar positions." *Initial Decision*, 2025 WL 994325, at 2; *see* 5 U.S.C. § 7511(a)(1)(B) (defining an "employee" for "a preference eligible").

The Board's initial decision became final on April 28, 2025. *Initial Decision*, 2025 WL 994325, at 3. We received Mr. Perdue's petition for review on July 25, 2025. *See* ECF No. 1 at 5. This Court has jurisdiction over Board appeals under 28 U.S.C. § 1295(a)(9).

## DISCUSSION

On appeal, the USPS asks us to dismiss the appeal as untimely because Mr. Perdue's petition was filed more than 60 days after the Board issued its final decision.

---

[1] Because the online version of the Initial Decision lacks pagination, we use the pagination employed in the government's supplemental appendix. For example, "*Initial Decision*, 2025 WL 994325, at 1" corresponds to S.A. 1.

Informal Response Br. at 5–6. Mr. Perdue responds that we should ignore the USPS's argument regarding timeliness because he resigned from his job due to safety concerns, among other reasons. *See* Pet'r's Informal Reply Br. 2.

We agree with the USPS that Mr. Perdue's petition is untimely. For a petition to be timely, it must be "filed within 60 days after the Board issues notice of the final order or decision of the Board." 5 U.S.C. § 7703(b)(1)(A). Mr. Perdue's petition was received[2] on July 25, 2025, after the 60-day deadline starting on April 28, 2025, the date of the final decision. Mr. Perdue's petition was therefore untimely.

But our analysis does not end here. The Supreme Court has recently explained that "§ 7703(b)(1)'s deadline is non-jurisdictional," and therefore may be subject to equitable tolling. *Harrow v. Dep't of Def.*, 601 U.S. 480, 489 (2024). Here, we do not need to decide whether § 7703(b)(1) is in fact subject to equitable tolling because Mr. Perdue has not met his burden to establish its application. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) ("Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way.") (citation omitted). Mr. Perdue does not argue or offer evidence on either of these points regarding equitable tolling, and he has therefore failed to demonstrate that the 60-day deadline should be equitably tolled.

---

[2] A petition for review is considered filed on the date it is received by the clerk of the court. *Pinat v. Off. of Pers. Mgmt.*, 931 F.2d 1544, 1546 (Fed. Cir. 1991); *see also* FED. R. APP. P. 25(a)(2)(A)(i) ("[F]iling is not timely unless the clerk receives the papers within the time fixed for filing.").

CONCLUSION

We have considered Mr. Perdue's remaining arguments, including the arguments raised in his Memorandum in Lieu of Oral Argument, ECF No. 48, and find them unpersuasive.[3]  For the foregoing reasons, we *dismiss* Mr. Perdue's appeal as untimely.

**DISMISSED**

COSTS

No costs.

---

[3]    We have considered but deny Mr. Perdue's pending motions.  For example, we find that Mr. Perdue's supplemental appendix, ECF No. 43, is not responsive to the timeliness of his petition.  For the same reason, we deny his motion to supplement the record, ECF No. 46.